IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEVIRRIE U. W., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-02105-BT |
| | § | |
| ANDREW SAUL, | § | |
| Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Devirrie U. W.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Commissioner's decision is REVERSED and REMANDED.

## **Background**

Plaintiff alleges that she is disabled due to several physical impairments, including hypertension, hypotension, muscle weakness in the legs, bilateral hand pain, Sjogren's syndrome, hip pain, rheumatoid arthritis, pain and numbness in the upper extremities, COPD, abdominal pain, neck pain, and low back pain. Pl.'s Br. 3-4 (ECF No. 15); Administrative Record 60 ("A.R.") (ECF No. 12-1). She alleges

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

disability beginning January 22, 2016. A.R. 11. After her applications for disability insurance benefits and supplemental security income were denied initially, and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing took place in Dallas, Texas, on October 23, 2017. A.R. 55. At the time of the hearing, Plaintiff was 59 years old. *Id.* at 62. She turned 60 on January 15, 2018. *See id.* She has a high school education, can communicate in English, and has past work experience as a bartender and as a certified nurse assistant ("CNA"). *Id.* at 79.

The ALJ issued his written decision on January 16, 2018. *Id.* at 20. The ALJ found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits or supplemental security income. *Id.* at 19. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity since January 22, 2016. *Id.* at 13. At steps two and three,

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

the ALJ found that Plaintiff had the severe impairments of history of a left hip replacement, back pain, COPD, and essential hypertension; nonetheless, the ALJ found that her impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* at 14-15. At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she can only "lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday." *Id.* at 15. At step five, relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could work as a companion (at an SVP of 3) or a blind aide (also at an SVP of 3)—jobs that exist in significant numbers in the national economy. *Id.* at 19.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council denied Plaintiff's request for review. *Id.* at 1. Plaintiff then filed this action in federal district court, arguing that the ALJ erred in finding her not disabled because he erroneously assumed Plaintiff's ability to dress, bathe, and maintain the hygiene of others constitute "skills," and even if those abilities are skills the ALJ failed to established they would transfer to other work with "very little, if any," vocational adjustment. Pl.'s Br. 7; 14. As a result, Plaintiff contends that the denial of benefits constitutes legal error and is contrary to substantial evidence. *Id.* at 1.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the

record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

The ALJ determined that Plaintiff is not disabled because, given her age, education, work experience, and residual functional capacity, she had acquired skills from her past relevant work as a CNA that are transferable to other occupations with jobs existing in significant numbers in the national economy—

namely, the jobs of companion and blind aide. A.R. 18-19. More specifically, the ALJ found, based on VE testimony, that Plaintiff acquired the following transferrable work skills: "assisting patients, . . . assuring [patient] comfort, laundry, bathing, hygiene assistance, and dressing." *Id.* Plaintiff argues that the ALJ erroneously assumed she acquired work skills in her past work as a CNA. Pl.'s Br. 7-14. According to Plaintiff, the activities identified by the VE do not constitute "skills" because they are merely tasks that do not provide a special advantage over unskilled workers. *Id.* at 9. Alternatively, to the extent that Plaintiff did acquire skills, she argues that the ALJ failed to demonstrate that those skills would transfer to other work with "very little, if any, vocational adjustment"—the legal standard required given Plaintiff's age at the time of the ALJ's decision. *Id.* at 19. As a result of these alleged errors, Plaintiff contends that the ALJ's decision is not supported by substantial evidence and remand is required. *Id.*

Assuming for the purposes of this decision that the activities identified by the VE constitute skills for purposes of the social security regulations, the Court agrees that the ALJ's failure to acknowledge that a heightened standard of skill transferability applies to Plaintiff due to her age constitutes error. Further because the record is devoid of any indication that the ALJ considered whether Plaintiff could perform the companion and blind aide jobs with very little, if any, vocational adjustment, the Court concludes that the ALJ applied the wrong legal standard and the ALJ's decision is not supported by substantial evidence. Therefore, remand is required.

At the fifth step in the disability evaluation process, the ALJ considers the claimant's age as a relevant vocational factor. *See* 20 C.F.R. § 404.1563. Based on the claimant's age, she is placed in a category. *See id.* § 404.1563(c)-(e). A person aged 60 or older is considered part of the "closely approaching retirement age" category. 20 C.F.R. § 404.1563(e). There are special rules under the regulations that apply when a claimant falls in this category. *Id.* For example, if an individual is closely approaching retirement age and has severe impairments that limit her to no more than light work, her skills are only transferable to skilled or semiskilled light work if the light work is so similar to her previous work that she would need to make "very little, if any, vocational adjustment." 20 C.F.R. §404.1568(d)(4). An occupation with an SVP of three is semiskilled work. SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).

When the issue of skills and their transferability must be decided, the ALJ must make certain findings and include them in the written decision such that the basis for the decision is "clearly establish[ed]." SSR 82-41, 1982 WL 31389, at *7 (Jan. 1, 1982). Moreover, when a claimant falls within the "closely approaching retirement age" category, the ALJ must, at the very least, acknowledge the applicability of the heightened standard for vocational adjustment. *Gallegos v. Berryhill*, 2018 WL 1069585, at *7 (S.D. Tex. Jan 22, 2018) *rec. adopted*, 2018 WL 1035717 (S.D. Tex. Feb. 23, 2018); *Webster v. Barnhart*, 187 F. App'x 857, 860-61 (10th Cir. 2006). *See also Homer v Astrue*, 2011 WL 824690, at *9 (N.D. Tex. Feb. 17, 2011) (recommending reversal and remand, in part, because ALJ failed to

properly elicit VE testimony regarding vocational adjustment where it was relevant) *rec. adopted,* 2011 WL 781887, at *1 (N.D. Tex. Mar. 7, 2011); *Abbot v. Astrue*, 391 F. App'x 554, 558 (7th Cir. 2010) (remanding because ALJ failed to identify claimant's work skills and explain vocational adjustment required); *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986) ("The ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration [the claimant's] age.")

Here, Plaintiff's insured status will expire in December 2020. A.R. 13. The ALJ rendered his decision on January 16, 2018. *Id.* at 20. Because Plaintiff's last date insured had not yet passed on the date the ALJ rendered his decision, the relevant date for determining Plaintiff's age is January 16, 2018.[3] *See Manning*, 2014 WL 266417, at *3. Plaintiff turned 60 years old just the day before—on January 15, 2018. *See* A.R. 62. Plaintiff is therefore 60 years old for the purpose of applying the regulations and is a member of the "closely approaching retirement

---

[3] When a claimant last met the insured status requirement *before* the date of the ALJ's hearing decision, the relevant date for determining the claimant's age is the date last insured. *Fontenot v. Colvin*, 661 F. App'x 274, 277 n.1 (5th Cir. 2016) (citing SSR 83-10, 1983 WL 31251, at *8 (Jan. 1, 1983)). On the other hand, when the claimant's social security insured status does not expire until *after* the ALJ renders his or her decision, the relevant date is the date the decision is rendered. *See Manning v. Colvin*, 2014 WL 266417, at *1, *3 (N.D. Tex. Jan 24, 2014) (applying ALJ decision date as relevant date to determine claimant's age where claimant's social security insured status did not expire until after ALJ rendered decision); *see also Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) ("[T]he claimant's age as of the time of the decision governs in applying the regulations").

age" category. Moreover, the jobs the ALJ proposes that Plaintiff can do—
companion or blind aide—are classified as semiskilled requiring light work. *See id.*
at 19. Because Plaintiff is closely approaching retirement age, and the proposed
occupations are semiskilled requiring light work, Plaintiff's skills are only
transferable to those occupations if she can perform them with "very little, if any,
vocational adjustment."

However, the ALJ did not develop the record such that it is apparent Plaintiff
can transition to a companion or a blind aide job with "very little, if any, vocational
adjustment." At the administrative hearing, the ALJ asked the VE to describe
Plaintiff's transferable skills (A.R. 82),but he did not discuss with the VE the
vocational adjustment required for Plaintiff to transfer to the jobs the VE
suggested(*see id.* at 81-87). Likewise, while the ALJ acknowledged in his decision
that Plaintiff aged into the "closely approaching retirement age" category (*Id.* at
18), he does not discuss the degree of vocational adjustment needed for Plaintiff to
perform the suggested jobs (*see id.* at 18-19). Indeed, he does not even mention
that a higher standard for skill transferability applies to claimants in Plaintiff's age
category. *See id.* With respect to transferability, the ALJ simply stated that,
"although the claimant's additional limitations do not allow the claimant to
perform the full range of light work, considering the claimant's age, education, and
transferable work skills, a finding of 'not disabled' is appropriate under the
framework of Medical-Vocational Rule 202.07." *Id.* at 19.

From the administrative record, therefore, the Court cannot ascertain whether the ALJ applied or even considered the heightened transferability standard applicable to claimants closely approaching retirement age. It could be that the ALJ considered how the Plaintiff's age would affect her vocational adjustment to the jobs the VE listed in the administrative hearing. On the other hand, that the record is silent may reflect his failure to take that into consideration. In any event, the Court cannot find that the ALJ complied with his duty to apply the heightened standard in deciding that Plaintiff could work as a companion or a blind aide. The ALJ's failure to apply the correct legal standard is error. And such an error is not harmless. If the ALJ had applied the appropriate standard, he may have come to a different conclusion and found Plaintiff disabled. Indeed, if the ALJ had applied the appropriate standard, he would have been required to find that Plaintiff could do the job of companion and blind aide "at a high degree of proficiency with a minimal amount of job orientation." SSR 82-41, 1982 WL 31389, at *5. That the ALJ acknowledges that Plaintiff has additional limitations that do not allow her to perform the full range of light work (A.R. 19) indicates that he perhaps would not have so found. However, the ALJ has the opportunity to apply the appropriate standard in the first instance. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[T]he reviewing court . . . must judge the propriety of [administrative] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the

administrative action by substituting what it considers to be a more adequate or proper basis.").

Because the ALJ did not develop the record such that it is clear he considered the heightened transferability requirements for a claimant of Plaintiff's age, the Court concludes that he did not apply the correct legal standards. For this reason, the ALJ's decision is not supported by substantial evidence, and this matter must be remanded to the Commissioner for further proceedings[4]

### Conclusion

The ALJ did not apply the correct legal standards, and his decision is not supported by substantial evidence that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision is REVERSED and REMANDED.

Signed September 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[4] Because remand is appropriate on the grounds presented in Plaintiff's second argument, the Court pretermits discussion of Plaintiff's first argument, that she does not have any transferable work skills. Plaintiff can raise this argument before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).